PROVIDENCE TRANSIT CONCRETE CO. *vs.* ARTHUR J. MULVEY.

MAY 18, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J.   This cause is here on petitioner's appeal from a decree of the Superior Court denying its petition for the modification of a previous decree, under the Workmen's Compensation Act, awarding to one of petitioner's employees compensation based upon a finding of total disability.

It appears that respondent was employed by petitioner as the driver of a truck.   He was injured when the door of a concrete mixer on said truck suddenly opened and struck

him, throwing him backward for a distance of thirty feet where he fell upon some steel sheathing. He injured his back in the region above the hip, fractured the seventh and eighth ribs on his left side and the first, second, third and fourth lumbar vertebrae of the transverse process of the spinal column and received bruises and contusions to his chest and back, which injuries resulted in total incapacity to work at that time. The decree sought to be modified, based upon total disability, was entered on May 6, 1933.

On September 22, 1933, the present petition was filed in the Superior Court by the employer who prayed to be relieved from the provisions of the previous decree on the ground that respondent was no longer totally but was only partially disabled. The court found that the fracture of the transverse process of the third vertebra had not united and was displaced downward and that there was still an injury between the first and second vertebrae and subjective evidence of pain and tenderness over the lumbar vertebrae. He dismissed the present petition without prejudice and entered the decree appealed from, which reads in part as follows: "the respondent should go to work if he can get it, even though the same may cause him some discomfort and a twinge of pain, in order that he may stretch his muscles and tendons and thereby work the tenderness out of his system. . . . Until the respondent has been given an opportunity to do light work, the obligation of the petitioner to pay the respondent full compensation shall continue."

The evidence is conflicting but amply supports the finding of the trial court that the extent of the disability can be determined only through an attempt by respondent to perform light labor and thereby ascertain its effect upon the tendons, muscles and other parts affected by the accident. It appears that in accordance with the advice of physicians the respondent has tried to exercise by swimming and driving an automobile but his physical condition was such that he could do neither. He has endeavored to

obtain light work from the petitioner but has failed to secure employment. Such failure can not be charged against him, and since he has endeavored to improve his physical condition but has not been able adequately to ascertain whether his disability is still as complete as previously, it was not error on the part of the trial court to refuse to modify the decree.

The petitioner's appeal is denied and dismissed.

*Henshaw, Lindemuth & Baker,* for petitioner.

*Carroll, Dwyer & Murphy, Lester T. Murphy,* for respondent.